### S99Y0908. IN THE MATTER OF GARY WAYNE BROSS.
(520 SE2d 688)

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline of the Respondent, Gary Wayne Bross. The State Bar and the special master appointed by this Court to conduct an investigation recommend that the Court accept Bross's Petition. Bross admits violating Standard 4 (professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation) of Bar Rule 4-102 (d) in connection with his execution and probate of a client's will. After preparing a new will for a client, Bross took the will to the client's home, obtained her signature, and notarized the self-proving affidavit attached to the will even though there were no disinterested witnesses present to sign as required. Subsequently, in Bross's office, two of Bross's employees signed as witnesses, and Bross later offered the will for probate despite knowing that it was improperly executed. Furthermore, in a caveat proceeding instituted by one of the deceased client's sons, Bross provided a false response to an interrogatory from opposing counsel regarding the circumstances of the signing and witnessing of the will. Because of the possibility that Bross could be a witness in the caveat proceeding, the probate court ordered Bross to withdraw from his representation of the estate. Bross subsequently notified the executor's attorney of the problems with the will and the interrogatory response. The will was voluntarily withdrawn and later declared invalid by the probate court.

Bross admits that by improperly executing the notarial certificate on the self-proving affidavit attached to the will; by improperly offering the will for probate when he knew it had not been properly executed; and by providing a false response to an interrogatory, he committed three violations of Standard 4 of Bar Rule 4-102 (d). In his petition, filed pursuant to Bar Rule 4-227 (c), Bross requests that this Court impose a one-year suspension from the practice of law as an appropriate sanction in this case. Although a violation of Standard 4 of Bar Rule 4-102 (d) may be punished by disbarment, we note as mitigating factors the absence of a prior disciplinary record,

absence of a dishonest or selfish motive, timely good faith effort to make restitution to the injured party in this matter, full and free disclosure to the State Disciplinary Board, and Bross's stated remorse.

We have reviewed the record and agree with the State Bar and the special master that a one-year suspension is an appropriate sanction in this case. Accordingly, we accept Bross's petition for voluntary discipline, and hereby suspend Bross for a period of one year from the date of this opinion. Bross is reminded of his duties under Bar Rule 4-219 (c).

*One-year suspension. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Arnall, Golden & Gregory, Anthony W. Morris, Kristin R. Connor,* for Bross.